UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2012 APR -2 PM 3: 53

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

------------------------------------------------------------------

C.G., by his mother and natural guardian,
MINERVA GONZALEZ,

                        Plaintiff,

                -against-

THE CITY OF NEW YORK; POLICE
DEPARTMENT OF THE CITY OF NEW YORK;
POLICE OFFICER WERNERSBACH (first name
unknown); and POLICE OFFICER ORTIZ (first
name unknown),

                    Defendants.

------------------------------------------------------------------ X

**COMPLAINT**

CV ~~12~~ 1606

**Jury Trial Demanded**

SUMMONS ISSUED

ROSS, J.

POHORELSKY, M.J.

Plaintiff, complaining of the defendant, by his attorneys, THE BERKMAN

LAW OFFICE, LLC, alleges for his complaint as follows:

## THE PARTIES

      1.     At all times mentioned herein, the plaintiff, C.G. is a natural person

residing in the City and State of New York, County of Kings.

      2.     At all times mentioned herein, the plaintiff, C.G., is a minor, having

been born in 1995.

      3.     At all times hereinafter mentioned, MINERVA GONZALEZ is the

mother and natural guardian of plaintiff C.G.

4.      Upon information and belief, the defendant THE CITY OF NEW YORK ("City") is a municipal corporation organized and existing under the laws of the State of New York.

5.      Upon    information    and    belief,    the    defendant    POLICE DEPARTMENT OF THE CITY OF NEW YORK ("Police Department") is a division or department of the defendant City.

6.      Upon information and belief, at all times relevant to this complaint, the defendant POLICE OFFICER WERNERSBACH is a police officer employed by the defendants City and/or Police Department, shield number 6302, and is assigned to the 70th precinct.

7.      Upon information and belief, at all times relevant to this complaint, the defendant POLICE OFFICER ORTIZ is a police officer employed by the defendants City and/or Police Department, shield number unknown, and is assigned to the 70th precinct.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this matter pursuant to 28 USC § 1331, as plaintiff asserts a cause of action under 42 USC § 1983.

9.      Venue is properly placed in the United States District Court for the Eastern District of New York since, upon information and belief, one or more of the defendants resides in this District. *See* 28 U.S.C. § 1391(b).

## THE UNDERLYING FACTS

10.     On or about September 16, 2011, the plaintiff infant was walking with his friend, also a minor, on Avenue M in front of the 7-11 store near the intersection of East 17th Street in Brooklyn at about 3:00 in the afternoon.

11.     For no apparent reason, and upon information and belief without probable cause to believe that any crime had been committed, the defendant police officers demanded that the two children—plaintiff and his friend—produce identification.

12.     Thereafter, without any valid justification, and without probable cause, the defendant police officers arrested the plaintiff.

13.     In the process of making the arrest, one or both of the defendant police officers tackled the infant plaintiff.

14.     In the process of making the arrest, one or both of the defendant police officers beat the plaintiff, including numerous blows to his face after he was handcuffed.

15.     After handcuffing the infant plaintiff, one or both of the defendant officers tied plaintiff's school book bag to his handcuffs behind his back, which caused the infant plaintiff to suffer intense pain.

16.     Ultimately, the infant plaintiff was charged with no crime, nor was he prosecuted in any way, whether in adult court or juvenile court.

### AS AND FOR A CLAIM FOR RELIEF

17. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

18. Upon information and belief, at all times relevant to this complaint, the defendants were acting under the color of state authority.

19. Upon information and belief, at all times relevant to this complaint, the defendants subjected the infant plaintiff to the aforementioned conduct, which constituted a deprivation of his rights, privileges, and immunities secured by the Constitution and laws of the United States of America and the State of New York.

20. Among other things, the defendants: confronted the plaintiff and subjected him to questioning without probable cause to believe any crime had been committed; wrongfully deprived the plaintiff of his liberty; falsely arrested the infant plaintiff; tackled the infant plaintiff; beat the infant plaintiff; subjected the infant plaintiff to torture by tying his heavy backpack to his handcuffs to cause pain; wrongfully detained the plaintiff; utilized excessive force; and the defendants otherwise violated the infant plaintiff's civil rights.

21. In addition to the damages suffered by the infant plaintiff as a result of being deprived of his liberty, as described above, the infant plaintiff was also damaged in that he: was rendered sick, sore, lame, and/or disabled; suffered contusions to his face, abrasions to his face, head and neck, and contusions and abrasions to his shoulder; suffered physical injury, pain and suffering; severe mental anguish and distress and emotional upset; expenses have been and/or will be incurred for medical

and hospital treatment; claimant has been otherwise injured; all of which injuries are permanent and extending into the future

22.     Upon information and belief, the conduct of the defendants was consistent with the policies of the defendants City and Police Department, and as such the defendants City and Police Department are directly liable for the actions of the police officer defendants. The basis for this allegation is, among other things, that plaintiff has never been informed of any disciplinary action having been taken against the officers.

23.     Additionally, the defendants City and Police Department are vicariously liable for the actions of the police officer defendants as the actions alleged herein were within the scope of the employment of the police officer defendants.

24.     The defendants are jointly and severally liable.

25.     By reason of the foregoing, the plaintiff is entitled to recover from the defendant pursuant to 42 U.S.C. § 1983 for the full extent of his damages, in an amount to be determined at trial.

**WHEREFORE**, the plaintiff demands judgment against the defendant in the amounts and for the relief requested herein, plus attorney's fees to the extent permitted by law.

Dated: New York, New York
April 2, 2012

Yours,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for the Plaintiff*

by: _____
Robert J. Tolchin

111 Livingston Street, Suite 1928
Brooklyn, New York 11201
718-855-3627